Ronald BLANCHARD *v.* STATE of Arkansas

CA CR 07-1157                                           289 S.W.3d 129

Court of Appeals of Arkansas
Opinion delivered November 5, 2008

*David O. Bowden,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Farhan Khan,* Ass't Att'y Gen., for appellee.

S ARAH J. HEFFLEY, Judge. In July 2005, appellant Ronald Blanchard was charged by information with the offenses of rape and sexual assault in the second degree. In a jury trial, appellant was acquitted of the rape charge but was found guilty of second-degree sexual assault. Accordingly, appellant was sentenced to fifteen years in prison and fined $15,000. On appeal, he asserts that the trial court erred by allowing more than 1000 photographic images of pornography to be introduced into evidence.

The admissibility of photographs lies in the sound discretion of the trial judge and will not be reversed absent an abuse of discretion. *Smart v. State*, 352 Ark. 522, 104 S.W.3d 386 (2003). Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court acted improvidently, thoughtlessly, or without due consideration. That high standard was met here, and we reverse and remand for a new trial.

The victim in this case was a child, RAB, who was born on September 22, 1992, and who was appellant's step-daughter. She testified as to acts of sexual abuse that she said began when she was five years old. She testified that appellant first tickled her vagina and breast area and that the abuse progressed to his licking her vagina, sucking on her breasts, using a vibrator against her vagina, and making her masturbate with a vibrator. RAB stated that appellant would put butter on her vagina and have their dog lick it off of her. She also testified that appellant made her put her mouth on appellant's penis and "go up and down on him." RAB also recalled an incident when appellant put Vaseline on his penis and tried unsuccessfully to insert it in her anus. She said, however, that appellant never put his penis in her vagina.

RAB further testified that appellant made her watch pornographic movies, including a video of appellant and her mother having sex. She also said that appellant showed her pornography on the family computer. She recalled images of people having sex with animals and others that depicted a "he/she man," meaning "someone who looks like a girl but also has a penis."

The computer was sent to the Arkansas State Crime Lab where the hard drive was examined by Jeffery Taylor, the Digital Evidence Section Chief. Taylor retrieved 1022 pornographic images that he placed on a compact disc. Appellant objected to the introduction of all of the photographic images, and the trial court overruled appellant's objection. The exchange between court and counsel was as follows:

> DEFENSE COUNSEL: I guess my second issue, and I may have not been clear on this, but yesterday as far as these images were concerned I made two arguments. One is that they were, you know, that they were more prejudicial and the other was that they were cumulative. And you said that they were not more prejudicial. I didn't know for sure we were going to be able to limit

1,000 pictures down to, you know, five or ten, or, I mean they're all going to be representative of what's on there.

THE COURT: They went through them fast last time.[1] I don't remember, it seemed like it was less than 30 minutes.

DEFENSE COUNSEL: That's a pretty long time just for pictures and pictures and pictures.

PROSECUTOR: Well, Your Honor, our argument would be is the sheer number of them shows — goes to his predilection.

DEFENSE COUNSEL: And we could stipulate as to the number. I just think it's more for shock value than it is for — I mean it's not pictures of men and little girls which is what he's being charged with.

PROSECUTOR: Some of them are.

DEFENSE COUNSEL: Well, some of them are little girls standing on a beach, but it's not the same as —

PROSECUTOR: This is probative.

DEFENSE COUNSEL: Which is not the same as 1,000 pictures of horses and dogs and eels and fish.

THE COURT: The State went through them very fast last time. I don't think you're prejudiced by it. So, your objection's noted.

As a result of the trial court's ruling, the compact disc was shown to the jury in its entirety.

Before reaching the merits of appellant's argument, we must discuss a preliminary matter. Appellant failed to include copies of the compact disc or otherwise provide copies of the images in his brief. Rule 4-2(a)(5) of the Rules of the Arkansas Supreme Court and Court of Appeals provides in pertinent part:

---

[1] Appellant's previous trial ended in a mistrial due to juror misconduct.

> Whenever a map, plat, photograph, or other similar exhibit, which cannot be abstracted in words, must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and include it in the Addendum with a reference in the abstract to the page in the Addendum where the exhibit appears unless this requirement is shown to be impracticable and is waived by the Court upon motion.

The rule thus requires photographs and other similar exhibits that cannot be abstracted in words to be reproduced and placed in the addendum, unless the court on appeal waives this requirement. *Robinson v. State*, 348 Ark. 280, 72 S.W.3d 827 (2002). Appellant filed no motion with this court, in advance of submitting his brief, asking us to waive this requirement. His counsel did explain in an abstractor's note the difficulties associated with reproducing this exhibit and in effect asked the court to waive the requirement of reproducing the pornographic photographs in the addendum. We accept counsel's explanation and request in lieu of filing a formal motion, but we caution that in the future permission should be sought for waiving this requirement by filing a motion before a brief is submitted.

In his argument on appeal, appellant concedes that some of the pictures are likely admissible, but he argues that a vast number of them were cumulative and that their overall prejudicial effect exceeded their probative value. After reviewing the images, we must agree.

The 1022 images retrieved from the computer's hard drive were graphic and of an indecent sexual nature. Given the volume and variety, the pictures defy categorization. It is enough to say that the images portrayed men or women purporting to have intercourse with dogs, donkeys, and horses; women inserting snakes, eels, and other creatures into their vaginas; women inserting vegetables into their vaginas; close up views of men and women having sex; group sex; closeup views of female genitalia; acts of cunnilingus and fellatio; closeup views of urination and defecation; and nude women, including some who were pregnant or elderly. A few images depicted young, unclothed females, young girls near penises, and young girls who appeared to have penises. In sum, a literal potpourri of pornographic images was shown to the jury.

The controlling rule of evidence is Ark. R. Evid. 403, which states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Although highly deferential to the trial court's discretion in these matters, our courts have rejected a *carte blanche* approach to the admission of photographs. *Sanders v. State*, 340 Ark. 163, 8 S.W.3d 520 (2000). Stated differently, the trial court cannot simply give *carte blanche* admission of any and all photographs, as that would be a failure to exercise discretion. *Smart v. State, supra.* We have cautioned against promoting a general rule of admissibility that essentially allows automatic acceptance of all photographs that the prosecution can offer. *See Newman v. State*, 353 Ark. 258, 106 S.W.3d 438 (2003). We have rejected the admission of inflammatory pictures where claims of relevance are tenuous and prejudice is great, and we expect the trial court to carefully weigh the probative value of photographs against their prejudicial nature. *Camargo v. State*, 327 Ark. 631, 940 S.W.2d 464 (1997). We require the trial court to first consider whether such evidence, although relevant, creates a danger of unfair prejudice, and then to determine whether the danger of unfair prejudice substantially outweighs its probative value. *Garcia v. State*, 363 Ark. 319, 214 S.W.3d 260 (2005). "Unfair prejudice" means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Berry v. State*, 290 Ark. 223, 718 S.W.2d 447 (1986).

Nonetheless, when photographs are helpful to explain testimony, they are ordinarily admissible. *Garcia v. State, supra.* Even the most inflammatory photographs may be admissible if they tend to shed light on any issue, to corroborate testimony, or if they are essential in proving a necessary element of a case, are useful to enable a witness to testify more effectively, or enable the jury to better understand testimony. *Sanders v. State, supra.* Further, a defendant cannot prevent the admission of a photograph by conceding the facts portrayed therein. *Garcia v. State, supra.* Of course, if a photograph serves no valid purpose and could only be used to inflame the jury's passions, it should be excluded. *Id.*

■ This case was about the rape and sexual assault of a young female. The State purported to introduce these images to show appellant's sexual proclivities. In our view, the photographs of young girls do have some tendency to prove a depraved sexual appetite, and thus the photographs depicting those images were relevant to the crimes alleged. The pornographic images were also relevant because they served to corroborate the child's testimony

with respect to her claim that appellant showed her pornography and with respect to her account of certain sexual acts perpetrated against her by appellant. Although relevant, it is our considered judgment that the probative value of introducing all of the images was outweighed by the danger of unfair prejudice. The photographic images numbered 1022, and they depicted a wide range of pornographic materials. The inflammatory nature of the images is readily apparent. By the trial court's estimate, it took thirty minutes for them to be shown to the jury. Many of the photographs were duplicates, and many portrayed similar subject matter over and over again. The record is clear that the trial court did not perform the requisite gate-keeping function of sifting through the photographs to determine their probative value in relation to their obvious prejudicial effect. Instead, the trial court simply admitted all of the photographs without exercising any discretion, which is what our case law proscribes. The purposes for admitting the materials could just as well have been accomplished by introducing a sampling of the images, rather than the wholesale admission proposed by the State and allowed by the trial court. Consequently, we find a manifest abuse of discretion, and we reverse and remand for a new trial consistent with this opinion.

Reversed and remanded.

HART and GLADWIN, JJ., agree.